**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 4, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID DEWAYNE SCHNEBELEN and
SERENA JOYCE SCHNEBELEN,

      Plaintiffs–Appellants,

v.

JOSHUA PORTER, SCOTT PEAY,
WARREN JONES, and JASON LEE,

      Defendants–Appellees.

No. 10-4183
(D.C. No. 1:07-CV-00125-TC)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **LUCERO**, and **GILMAN**, Circuit Judges.[**]

David and Serena Schnebelen challenge the length and conditions of their

detention subsequent to an arrest for methamphetamine possession. The arrest

was a consequence of a routine police stop for traffic violations in Monroe

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] The Honorable Ronald Lee Gilman, United States Circuit Court Judge for the Sixth Circuit, sitting by designation.

County, Utah on May 3, 2007. They assert that the seven hours they spent in custody before being delivered to the jail violated their constitutional rights. The Schnebelens specifically complain about the decontamination procedure to which they were subjected before being taken to jail, as well as alleged hardships regarding excessive heat in the police cruisers, a lack of drinking water or restroom breaks, and uncomfortable handcuffs.

Police Officers Jones, Lee, Peay, and Porter moved for summary judgment in the district court. After considering the arguments and evidence submitted by both parties, the court issued a 28-page opinion that carefully evaluated each of the Schnebelens' contentions. The court found that the Schnebelens failed to present sufficient evidence of any constitutional violation to overcome the officers' motion for summary judgment. This obviated the need for the court to reach the issue of qualified immunity. The court entered judgment in favor of the officers and the Schnebelens timely appealed.

On appeal, the Schnebelens raise no arguments not already considered by the district court. They simply reargue the various issues fully addressed in the district court's opinion.

After carefully considering the record on appeal, the briefs of the parties, and the applicable law, and having had the benefit of oral argument, we agree with the district court's grant of summary judgment to the officers. Because the reasoning that supports judgment for the officers has been clearly articulated by

the district court in a thorough and comprehensive opinion, the issuance of a detailed written opinion by this court would be unduly duplicative. Accordingly, the judgment rendered by the Honorable Tena Campbell, United States District Judge for the District of Utah, is **AFFIRMED** on the basis of the reasoning detailed in her Memorandum Decision and Order issued on September 21, 2010.

ENTERED FOR THE COURT

Ronald Lee Gilman
Circuit Judge